MCC Concrete Corp. v Steels (2020 NY Slip Op 07370)





MCC Concrete Corp. v Steels


2020 NY Slip Op 07370


Decided on December 9, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 9, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JOHN M. LEVENTHAL
BETSY BARROS
PAUL WOOTEN, JJ.


2019-06281
 (Index No. 621847/18)

[*1]MCC Concrete Corp., et al., respondents,
v
Robert Vivian Linsley Steels, et al., appellants.


Henry E. Rakowski, Bellmore, NY, for appellants.
Marshall M. Stern, P.C., Huntington Station, NY (Judith Donnenfeld of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to foreclose mechanic's liens, the defendants appeal from an order of the Supreme Court, Suffolk County (Paul J. Baisley, Jr., J.), dated April 29, 2019. The order, insofar as appealed from, denied those branches of the defendants' motion which were to dismiss the complaint, to cancel the notice of pendency, and to vacate, discharge, or cancel the notices of mechanic's lien filed by the plaintiffs.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The defendants in this action, inter alia, to foreclose mechanic's liens made a pre-answer motion seeking, among other things, to dismiss the complaint, to cancel the notice of pendency, and to vacate, discharge, or cancel the notices of mechanic's lien filed by the plaintiffs. In support of their motion, the defendants argued that the plaintiffs were not licensed home improvement contractors, and therefore, were precluded by Suffolk County Code § 563-8 from seeking to enforce the contracts entered into with the defendants. The Supreme Court denied those branches of the defendants' motion, and the defendants appeal.
The plaintiffs concede that they are not licensed, but contend that the work that they performed for the defendants involved the construction of a new home, which is not considered "home improvement contracting," for which a license is required, pursuant to Suffolk County Code § 563-16. Based on the record evidence that the prior home on the subject property, including the foundation, was completely removed prior to the commencement of the work performed by the plaintiffs, we conclude that the defendants failed to conclusively establish that the plaintiffs were engaged in home improvement contracting within the meaning of the Suffolk County Code (see Cinelli Bldrs., Inc. v Ferris, 76 AD3d 608, 609). Therefore, we agree with the Supreme Court's determination denying those branches of the defendants' motion which were to dismiss the complaint, to cancel the notice of pendency, and to vacate, discharge, or cancel the notices of mechanic's lien filed by the plaintiffs.
BALKIN, J.P., LEVENTHAL, BARROS and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court